**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**AMERIPRISE FINANCIAL SERVICES,
INC.,**

          **Plaintiff,**

**-vs-**                                            Case No. 6:11-cv-1933-Orl-31DAB

**PAUL A. FISCHETTI,**

          **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT AGAINST PAUL A. FISCHETTI TO CONFIRM ARBITRATION AWARD (Doc. No. 10)**
>
> **FILED:** April 18, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Ameriprise Financial Services, Inc., filed suit against Defendant Paul A. Fischetti on December 2, 2011 for confirmation of an arbitration award. Doc. 1. On April 18, 2012, Ameriprise filed its Motion for Default Judgment to confirm the arbitration award against Defendant for $262,394.07.

**ANALYSIS**

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise properly appear pursuant to Federal Rule of Civil Procedure 55(b)(2); *DirecTV,*

*Inc. v. Griffin*, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003). It is axiomatic that absent good service, the Court has no *in personam* or personal jurisdiction over a defendant. *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH*, 392 F. Supp. 1152 (D.Del. 1975); *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322 (5th Cir. 2001) (default judgment entered against a defendant who is not subject to personal jurisdiction is void). A federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. *Williams v. Life Savings and Loan*, 802 F.2d 1200 (10th Cir. 1986).

On December 2, 2011, Ameriprise filed suit against Defendant for confirmation of the arbitration award. Doc. 1. Defendant was served on January 17, 2012 (Doc. 5) with Ameriprise's Petition to Confirm Arbitration Award. Defendant failed to plead or otherwise defend against the Complaint in this case, and the Clerk entered default on April 3, 2012. Doc. 9.

**Facts Underlying Proposed Default Judgment**

The Court finds that the failure of Defendant to timely respond to the Complaint and subsequent entry of default against him serves to admit the well pleaded allegations of Ameriprise's Complaint for confirmation of the arbitration award. *See, e.g.*, *Buchanan v. Bowman,* 820 F.2d 359 (11th Cir. 1987) (in defaulting, defendants "admit the plaintiff's well-pleaded allegations of fact."). During the period December 2007 through December 16, 2008, Fischetti was a registered representative at Ameriprise's branch location in Viera, Florida. Doc. 1.

On December 12, 2007, Ameriprise loaned Fischetti $252,000 (the "Note"). Doc. 1-2 at 13-17. Payments under the Note were due and payable in five annual payments of $50,400.00 plus accrued interest, beginning January 31, 2009 and continuing each twelve months thereafter. The Note provided that failure to make any annual payment under the Note within fourteen calendar days of the due date would constitute a default and all amounts due and owing under the Note of principal and

interest would be immediately due and owing. Further, in the event Fischelli tendered his resignation from his position with Ameriprise or upon any other termination (with or without cause) of Fischetti's employment with Ameriprise (other than by reason of death or disability, or Ameriprise's dissolution or liquidation), then the Note could be immediately accelerated by Ameriprise at its absolute discretion and all principal and interest would be immediately due and owing. Doc. 1.

Fischetti voluntarily resigned from Ameriprise on December 16, 2008. At that time, the principal balance due and owing under the Note, plus accrued interest, became immediately due. As of December 16, 2009, there remained a principal balance of $245,895.90, plus $443.55 in accrued interest, due and owing under the Note. Doc. 1. Under the terms of the Transition Loan Agreement (*see* Doc. 1-1 at 16) entered into between the parties, they agreed to arbitrate any disputes arising under the Agreement. Doc. 1, Ex. D. Fischetti also agreed to arbitrate any disputes that arose between him and Ameriprise that are required to be arbitrated under the Financial Industry Regulatory Authority, Inc. ("FINRA") rules and he agreed that any arbitration award rendered against him could be entered as a judgment in any court of competent jurisdiction. Doc. 1.

On or about July 22, 2009, Ameriprise initiated an arbitration against Fischetti by filing a statement of claim with FINRA. On September 17, 2009, Fischetti filed an Answer to the Statement of Claim denying the allegations. Doc. 1 ¶ 7. The arbitration hearing took place in Orlando, Florida on November 17, 2010. Doc. 1 ¶ 8.

**Confirmation of Arbitration Award**

Ameriprise seeks confirmation of the arbitration award entered on December 2, 2010 in its favor and against Defendant Fischetti for the sum of $262,394.07–including $184,402.90 in compensatory damages, $32,558.46 in interest, $9,044.21 in costs and $36,388.50 in attorneys' fees[1]–

---

[1]*See* Doc. 1-1 at 5.

plus interest accruing on compensatory damages at the rate of 6% per annum ($30.31 per day) from December 2, 2010 to the date of full payment, plus all costs incurred by Ameriprise in collecting the amounts due, including reasonable attorneys' fees and costs. Doc. 1-1.

Ameriprise seeks confirmation of the arbitration award and a final judgment conforming with the provisions of the award pursuant to the Federal Arbitration Act[2], 9 U.S.C. § 9. Under § 9, the Court "[m]ust grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." Confirmation of an arbitration award is mandatory in the absence of a motion for vacatur or modification of the award and no valid grounds for vacatur or modification of the arbitration award exist under 9 U.S.C. §§ 10, 11. Any attempt to vacate or modify an award must occur within ninety days of the rendering of the award. 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). Fischetti did not seek to vacate or modify the award within the proscribed period; therefore, he has waived his right to vacate or modify the award.

As a result of Fischetti's default, Ameriprise is entitled to confirmation of the December 2, 2010 Arbitration Award. One year has passed since the rendering of the Arbitration Award and Fischetti has not sought to vacate or modify the award. Accordingly, it is respectfully **RECOMMENDED** that the Clerk be **DIRECTED** to enter judgment conforming to the Arbitration Award for the amounts as set forth in the Arbitration Award, *i.e.*, for $262,394.07 plus interest accruing on compensatory damages at the rate of 6% per annum ($30.31 per day) from December 2, 2010 to the date of full payment. The case should be closed following entry of judgment.

---

[2]Although Ameriprise moves under the Florida Arbitration Act in the Motion for Default Judgment, Ameriprise asserted jurisdiction for confirmation of the award only under the Federal Arbitration Act. Doc. 1 at 1.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 27, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy